UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OGUNGBEMI OMOJOLA DADA DAVID YEWANDE, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:25-cv-00920-JPH-TAB<br>) |
| INDIANA MATH & SCIENCE ACADEMY NORTH,<br>JIM SPARKS,<br>MUSTAFA ARSLAN,<br>BARBARA GARRETT, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER**

Ogungbemi Omojola Dada David Yewande filed this action alleging that his former employer, Indiana Math & Science Academy North, discriminated and retaliated against him. Dkt. 1. He also filed a motion for assistance with recruiting counsel. Dkt. [2].

**I.   Screening**

**A. Screening standard**

The Court has the inherent authority to screen Mr. Yewande's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The complaint

Mr. Yewande was employed as a teacher at the Indiana Math and Science Academy North (IMSA). Dkt. 1 at 5. He alleges that IMSA would "incite" students to bully him, and that "the management continued to use students to bully [him] as a teacher from African country." *Id.* He further alleges that he was retaliated against after he complained about the bullying, that he was not properly compensated, and that he was fired after raising concerns about teaching and grading practices at the school. *Id.* He sues under Title VII of the Civil Rights Act, the Equal Pay Act of 1963, and Indiana state law, alleging discrimination on the basis of race and national origin. *Id.* at 2, 5.

### C. Discussion of claims

Title VII makes it unlawful for employers to "discharge any individual, or otherwise to discriminate against any individual" because of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1).

Liberally construed, Mr. Yewande's allegations in the complaint are sufficient to plausibly assert a Title VII claim for discrimination on the basis of race and national origin. He alleges that management "bull[ied him] as a teacher from African country," and that when he "complained and document the evidence" it "resulted in being fired from work." Dkt. 1 at 5. He also notes that "because [he] is Black African [he] cannot complain," and that he received "different treatment from fellow workers." These allegations are sufficient to give IMSA notice that Mr. Yewande is claiming that his employment was terminated in retaliation for having complained about being harassed due to his race and/or national origin, and that he was terminated because of his race and/or national origin. *See Auto Driveway Franchise Sys., LLC v. Auto Driveway Richmond, LLC*, 928 F.3d 670, 675 (7th Cir. 2019) ("[T]he federal courts require notice pleading, not fact pleading complete with all the minutiae."). Those claims **shall proceed** against IMSA.

The Equal Pay Act "prohibits employers from paying employees different wages based on gender." *Kellogg v. Ball State University*, 984 F.3d 525, 530 (7th Cir. 2021); 29 U.S.C. § 206(d). Here, Mr. Yewande has alleged that his employer "failed to pay [him] for the service [that he] rendered" and that he was subject to harassment when he requested compensation, dkt. 1 at 5, but he does not make any allegation that he was paid less because of his sex. His Equal Pay Act claim, therefore, must be **dismissed**.

Last, Mr. Yewande has named IMSA as well as three individuals—Jim Sparks, board chair, Mustafa Arslan, superintendent, and Barbara Garrett,

3

principal/direct of teaching and learning—as defendants. Mr. Yewande does not make any specific allegations against any of the individuals in his statement of claim, and furthermore Title VII does not authorize suit against individual employees alleged to have engaged in discriminatory conduct in the course of their employment. *See Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494 (7th Cir. 1998) ("Congress intended only for employers to be liable for their agent's actions under the traditional *respondeat superior* doctrine, not for agents to be personally liable."); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) ("[A] supervisor does not, in his individual capacity, fall within Title VII's definition of employer."). Consequently, any claim against the individual defendants is **dismissed**.

## II.     Recruitment of counsel

Mr. Yewande filed a motion for assistance with recruiting counsel. Dkt. 2. As a threshold matter, he has not filed an application to proceed *in forma pauperis*, nor has he attached that application to his motion. Mr. Yewande has therefore not shown that he is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

Furthermore, "[l]itigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel." *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, a litigant who is unable to afford counsel "may ask the court to recruit a volunteer attorney to provide pro bono representation." *Id.* (citing 28 U.S.C. § 1915(e)(1)). "Two questions guide a

court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*)). The first inquiry—whether an indigent litigant reasonably attempted to get a lawyer—"is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Here, Mr. Yewande states that he has contacted lawyers, but they declined to represent him. Dkt. 2 at 2. Mr. Yewande should continue his efforts to obtain counsel. *Cf. Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (affirming district court's requirement that litigant contact at least three attorneys to show reasonable effort).

    For the second question, the Court considers whether the case's complexity "exceeds [the plaintiff's] capacity as a layperson to coherently present it to the judge or jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Mr. Yewande alleges workplace discrimination and wrongful termination. Dkt. 1. He should be well situated to present the facts surrounding his claims. He stated on the form motion that he is "concern[ed] about the legal technicalities." Dkt. 2 at 3. However, Mr. Yewande also indicated that he does not have any physical or mental issues that may affect his ability to litigate the case, that he has at least some prior experience litigating a past case pro se, and that he has obtained a

master's degree and a bachelor's degree and has no difficulties with reading or writing English. *Id.* at 2–3. Therefore, Mr. Yewande has not demonstrated that the case exceeds his capacity to present it at this time. Also, this case is still in the early stages and no defendant has yet filed an answer. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of that counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013); *see also Mapes v. Indiana*, 932 F.3d 968, 971 (7th Cir. 2019) (acknowledging "the difficulty in accurately evaluating the need for counsel in the early stages of pro se litigation"). That statement from *Kadamovas* is not a "bright-line rule," but in this case, Mr. Yewande has not shown a need for counsel to assist him at this stage in the case.

For all the above reasons, Mr. Yewande's motion for assistance in recruiting counsel is **DENIED** without prejudice.

### III.   Conclusion

A Title VII claim for discrimination based on race and/or national origin, and a Title VII claim for retaliation, and a state law civil rights claim **shall proceed** against IMSA.  The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to defendant Indiana Math and Science Academy North in the manner specified by Rule 4(d).  Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The Equal Pay Act claim is **dismissed**.

The **clerk is directed** to terminate Mr. Sparks, Mr. Arslan, and Ms. Garrett from the docket.

No other claims or defendants have been identified in the complaint. Should Mr. Yewande believe that the Court has overlooked a claim or defendant, he shall have through **June 16, 2025**, to identify those omissions to the Court.

Mr. Yewande's motion for assistance with recruiting counsel is **DENIED** without prejudice.  Dkt. [2].

**SO ORDERED.**

Date: 5/27/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

OGUNGBEMI OMOJOLA DADA DAVID YEWANDE
5022 Allisonville Rd.
Unit D
indianapolis, IN 46205


Indiana Math and Science Academy North
7435 N Keystone Ave B
Indianapolis, IN 46240